PRIETO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-536-CR

RAFAEL ALVARO PRIETO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant appeals from the trial court’s denial of his postconviction motion for DNA testing.  In a single point, appellant contends that the trial court improperly considered his guilty plea in denying the motion.  We affirm.

Appellant had been charged with forcing a boy to give him oral sex and to receive oral sex from appellant.  The trial court found, based on the evidence presented by the State, that semen was not present in the oral and peri-oral samples in the sexual assault kit but that “[t]he presumptive test for semen was positive in the Wood’s lamp sampled from the penis of the victim.”  The trial court concluded that DNA testing of the samples would not exonerate appellant because there was no semen found in the sexual assault kit to test and because appellant’s penis did not contact the victim’s penis.  It also found that a lack of appellant’s DNA on the victim’s penis would not exonerate appellant because there is “no evidence that there would be DNA evidence after one performs oral sex on another.”  

We hold that the trial court did not improperly consider appellant’s guilty plea.  The trial court concluded that appellant did not present evidence showing “a reasonable probability that he would not have been convicted had DNA testing been done.”  
See
 Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A) (Vernon Supp. 2004-05)).  The trial court correctly concluded that the absence of appellant’s DNA in any of the testable material would not exonerate appellant.  
See Rivera v. State
, 89 S.W.3d 55, 59-60 (Tex. Crim. App. 2002); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Thus, we overrule appellant’s sole point and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 19, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.